# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2949 | **DATE** | 5/11/2011 |
| **CASE TITLE** | Lance Guranovich vs. Alverno/Provena Laboratories | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in the Statement section of this order, plaintiff Lance Guranovich's ("Guranovich") application for leave to proceed *in forma pauperis* [4] is granted and his motion for appointment of counsel [5] is denied without prejudice. The Clerk of Court is directed to docket Guranovich's complaint without payment of the $350 filing fee.

Plaintiff Guranovich is to provide the following materials to Judge Holderman's courtroom deputy, Alyce Mobley-Morris by May 25, 2011: (1) a completed Waiver of Summons form for the defendant, which is available at www.ilnd.uscourts.gov; (2) a copy of the complaint for the defendant; and (3) an envelop addressed to the defendant suitable for mailing a copy of the complaint and the Waiver of Service form to the defendant. Guranovich is to notify the court should the defendant fail to return the Waiver of Summons form by the requested date.

■[ For further details see text below.]   Notices mailed.

## STATEMENT

On May 3, 2011, plaintiff Lance Guranovich ("Guranovich") filed a complaint for employment discrimination against defendant Alverno/Provena Laboratories. Along with the complaint, Guranovich filed an application for leave to proceed *in forma pauperis* ("IFP") and a supporting financial affidavit (Dkt. No. 4), as well as a motion for appointment of counsel (Dkt. No. 5).

Requests to proceed IFP are reviewed under 28 U.S.C. § 1915. To ensure that indigent litigants have meaningful access to the courts, § 1915 allows an indigent litigant to commence an action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hisnandez*, 504 U.S. 25, 27 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324 (1988). However, the court must deny a request to proceed IFP if (1) the allegation of poverty is untrue; (2) the action is frivolous; (3) the action fails to state a claim; or (4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2); *see also Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997) (recognizing the applicability of § 1915 to cases brought by non-prisoners).

According to his affidavit, Guranovich is unemployed and receives $1,362 per month in social security payments. (Dkt. No. 4 ¶ 4(d).) Additionally, Guranovich states that he has less than $200 in cash or in checking or savings accounts and has a $600 per month car payment. (*Id.* ¶¶ 5, 8.) Although Guranovich also owns a home, he states that he has no equity in that property. (*Id.* ¶ 7.) Based on these allegations, the court finds that Guranovich is unable to pay the $350 civil filing fee in this case. Moreover, at this early stage, the court has no reason to believe that Guranovich's action is frivolous, fails to state a claim, or seeks

| STATEMENT |
|---|

monetary relief against an immune defendant. Guranovich's application for leave to proceed IFP is therefore granted.

This court is also authorized to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Although this decision is discretionary, the Seventh Circuit has directed the district court to follow a two-step approach, asking "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it [his]self?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). "The first step in this analysis . . . is a threshold question the district court must ask before ruling on a § 1915(e)(1) motion." *Id.* at 655. If the plaintiff has not made reasonable efforts to obtain counsel on his own, the court must "deny [the motion] out of hand." *Farmer v. Haas*, 990 F.2d 319, 321 (7th Cir. 1993) (citing *Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992)).

In his motion for appointment of counsel, Guranovich only identifies one legal services agency which he unsuccessfully contacted to seek representation: the Prairie State Legal Organization for Senior Citizens. (Dkt. No. 5 ¶.) The court does not find that this singular contact demonstrates Guranovich's reasonable efforts to obtain counsel. Accordingly, Guranovich's motion for appointment of counsel (Dkt. No. 5) is denied without prejudice.

*James F. Holderman*